# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MARIA DEL SOCORRO MALINOWSKI
AS A PERSONAL
REPRESENTATIVE OF THE ESTATE
OF BRYAN K. MALINOWSKI, DECEASED
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF BRYAN K.
MALINOWSKI**                                                        **PLAINTIFF**

**v.**                          **Case No. 4:25-CV-00486-LPR**

**UNITED STATES OF AMERICA**                             **DEFENDANT**

## ANSWER TO COMPLAINT
## ON BEHALF OF THE UNITED STATES OF AMERICA

Comes Defendant, the United States of America ("the United States"), by and through Jonathan D. Rose, United States Attorney, Eastern District of Arkansas, and the undersigned, and for its Answer to Complaint, states that:

As to the first unnumbered paragraph, the United States admits Plaintiff Maria ("Maer") Malinowski brought her Complaint, individually, and as the personal representative of her husband's estate on behalf of the wrongful death beneficiaries. The United States denies the remaining allegations.

## I.  Introduction[1]

1.      Paragraph 1 contains a quote from *Griffin v. United States*, 618 A.2d 114, 121 (D.C. Cir. 1992) to which a response is not necessary.  The United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 1.

2.      Paragraph 2 contains a quote from *Hudson v. Michigan*, 547 U.S. 586, 594 (2006) to which a response is not necessary.  The United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 2. The United States denies the Malinowskis were unaware of the officers' entry into the home.

3.      The United States admits only that at approximately 6:00 a.m. on the morning of March 19, 2024, federal and state law enforcement officers arrived at a cul-de-sac in Little Rock, Arkansas, and aver it was outside 4 Durance Court. The United States denies the remaining allegations Paragraph 3.

4.      The United States admits only that shortly after 6:00 a.m. on March 19, 2024, Special Agents ("SA") from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and ATF Task Force Officers ("TFOs")(collectively "Agents"), with the assistance of officers from the Little Rock Police Department ("LRPD"), approached the front doors of the residence at 4

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although the United States believes that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

Durance Court to serve federal search warrants. The United States lacks sufficient knowledge to admit or deny whether the family who lived there was asleep inside and thus denies these allegations. The United States denies any remaining allegations in Paragraph 4.

5. The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 and thus denies these allegations.

6. The United States admits only that ATF Special SA  and TFOs arrived at the Malinowski residence on March 19, 2024, to serve federal search warrants for the residence and a vehicle. The United States denies the remaining allegations in Paragraph 6 which are Plaintiff's characterization of the basis for the warrant and respectfully refers the Court to the Search and Seizure Warrant and Application in 4:24-SW-00062-JJV (E.D. Ark.).

7. Admits the allegations in Paragraph 7.

8. The United States admits only that gunshots rang out and Bryan Malinowski was shot in the head by an ATF agent as set forth in Paragraph 8. The United States avers that on March 19, 2024, Bryan Malinowski fired the first of multiple rounds from a .45 caliber semiautomatic pistol at an ATF Special Agent who had entered the Malinowski residence to serve a federal search warrant. The United States further avers that a second ATF Special Agent, having been struck in the foot by a round fired by Bryan Malinowski, returned fire striking Bryan Malinowski in the head.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are denied. The United States avers all ATF SAs and TFOs knocked, announced, and waited a reasonable time before entering the Malinowski residence.

10. Denies the allegations in Paragraph 10.

11. The United States lacks sufficient knowledge to admit or deny the allegations in

Paragraph 11 and thus denies these allegations.

12.     Admits the allegations in Paragraph 12.

13.     Paragraph 13 quotes a concurring opinion in *McDonald v. United States*, 335 U.S. 451, 461 (1941) to which a response is not necessary.  The United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 13.

14.     Paragraph 14 contains only Plaintiff's basis for her cause of action to which no response is required.  To the extent a response is required, denies.

## II.  JURISDICTION AND VENUE

15.     The United States admits Plaintiff brings this Complaint pursuant to the Federal Tort Claims Act ("FTCA").  The United States denies the remaining allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.     The allegations contained in Paragraph 16 are denied.

17.     The United States admits that this action arises out of an incident that occurred in Pulaski County, Arkansas. The United States lacks sufficient knowledge regarding where Plaintiff currently resides to admit or deny that allegation and thus denies the allegations in Paragraph 17. The United States admits that Pulaski County, Arkansas, is within the Central Division of the Eastern District of Arkansas.

18.     Admits the allegations in Paragraph 18.

19.     The United States admits only that the United States has waived sovereign immunity for claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment, under

4

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred, unless such claim(s) are otherwise excepted or barred by the FTCA. The United States denies any allegation that any employee of the Government acted in a negligent or wrongful manner related to any allegations in the Complaint in Paragraph 19. The United States further avers that some, if not all, of Plaintiff's claims are barred by applicable exceptions to the FTCA.

20.    Paragraph 20 contains legal conclusions regarding defendants other than the United States to which no response from the United States is required. To the extent a response is required, denies.

### III. CONDITIONS PRECEDENT

21.    Admits the allegations in Paragraph 21.

22.    Admits the allegations in Paragraph 22.

23.    Admits the allegations in Paragraph 23.

### IV. PARTIES

24.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 and thus denies these allegations.

25.    The United States admits only that the ATF is a federal Agency, and that ATF Special Agents and ATF TFOs were acting on behalf of ATF in an official capacity, temporarily or permanently, in the service of the United States, at all times relevant to the allegations in the Complaint as set forth in Paragraph 25. The United States denies that any other individuals, including any LRPD officers who were not ATF TFOs, were employees of the Government as defined in 28 U.S.C. § 2671, and further denies that any such persons were acting on behalf of the United States at any time relevant to the allegations in the Complaint.

26.     Admits only that ATF is a federal Agency as set forth in Paragraph 26. The United States avers that the FTCA does not authorize suits against federal agencies which are cognizable under 28 U.S.C. § 1346(b) and therefore the ATF is not a proper Defendant in this lawsuit. 28 U.S.C. § 2679.[2]

27.     Admits the allegations in Paragraph 27.[3]

28.     Admits the allegations in Paragraph 28 subject to footnote 3.

29.     Admits the allegations in Paragraph 29 subject to footnote 3.

30.     Admits the allegations in Paragraph 30 subject to footnote 3.

31.     Admits the allegations in Paragraph 31 subject to footnote 3.

32.     Admits the allegations in Paragraph 32 subject to footnote 3.

33.     The United States admits that TFO Michael Gibbons, at all relevant times, was a law enforcement officer employed by the North Little Rock Police Department who was also a Special Deputy U.S. Marshal serving as an ATF TFO as set forth in Paragraph 33 and subject to footnote 3. The United States avers that, at all relevant times, he was acting in his capacity as an ATF TFO.

34.     The United States admits that  SA Chris Griggs, at all relevant times, was a law enforcement officer employed by the Mississippi County (Arkansas) Sheriff's Department who was also a Special Deputy U.S. Marshal serving as an ATF TFO. The United States avers that, at all relevant times, he was acting in his capacity as an ATF TFO as set forth in Paragraph 34 and subject to footnote 3.

---

[2] On June 17, 2026, this Court dismissed ATF as a party because the United States is the only proper party. Docs. 49 and 50.

[3] On July 6, 2026, this Court dismissed all of the individual defendants because there is no *Bivens* claim available in this case.  Doc. 53.Therefore, the United States denies those individuals are defendants as set forth in Paragraphs 27 through 36.

35.   Admits the allegations in Paragraph 35 subject to footnote 3.

36.   Admits the allegations in Paragraph 36 subject to footnote 3.

## V. FACTUAL ALLEGATIONS

37.   The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 37 and thus denies these allegations.

38.   The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 38 and thus denies these allegations.

39.   Paragraph 39 consists of legal conclusions to which no response is required. Congress and the Attorney General have delegated the responsibility for administering and enforcing the Gun Control Act ("GCA") to the Director of ATF ("Director"), subject to the direction of the Attorney General and the Deputy Attorney General. *See* 28 U.S.C. 599A(b)(1), (c)(1); 28 CFR 0.130(a)(1)-(2); Treasury Department Order No. 221, sec. (1), (2)(d), 37 F.R. 11696, 11696-97 (June 10, 1972). Accordingly, the Department and ATF have promulgated regulations necessary to implement the GCA. *See* 27 C.F.R. part 478. To the extent a response is required, the United States admits that the Attorney General has delegated certain authorities to the Director of ATF and respectfully refers the Court to 28 C.F.R. § 0.130.

40.   Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the versions of 18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 923(a), and 27 C.F.R. Part 478 which were in effect in March 2024. To the extent Paragraph 40 incompletely and/or inaccurately describes the cited provision(s), the United States denies the allegations in Paragraph 40.

41.   Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is required, the United States avers that the relevant definition of the term "Engaged in the Business" which was in effect in March 2024 was found in 18 U.S.C.

7

§ 921(a)(21)(C) as amended by the 2022 Bipartisan Safe Communities Act ("BSCA"), P.L. No. 117-159, 136 Stat. 1313, Sec. 12002. This definition superseded the earlier definition found in 27 C.F.R. § 478.11. Furthermore, Paragraph 41 omits significant portions of the full regulation quoted, and the United States respectfully refers the Court to the version of 27 C.F.R. § 478.11 which was in effect in March 2024, which defined "Engaged in the Business" as a "dealer in firearms" as follows:

> "A person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such a term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms."

To the extent Paragraph 41 omits portions of the cited definition such that it incompletely and/or inaccurately describes the cited provision(s) or misstates the definition of "Engaged in the Business" as set forth in 18 U.S.C. § 922(a)(21)(C) as implemented by the BSCA of 2022, the United States denies the allegations in Paragraph 41.

42.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 42 and thus denies these allegations.

43.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 43 and thus denies these allegations.

### A.  <u>The ATF's Investigation and Search Warrant for the Malinowski Home</u>

44.    The United States admits only that in December of 2023, ATF began to conduct an investigation of Bryan Malinowski. The United States denies that the characterization of the investigation in Paragraph 44 is complete or accurate.  The United States respectfully refers the Court to the Affidavit in Support of the Search Warrant in Case No. 4:24-SW-00062-JJV. To the

extent the allegations in Paragraph 44 incompletely and/or inaccurately describe any portion of the investigation as described in the Affidavit, the United States denies the allegations in Paragraph 44.

45.     The United States admits only that during the ATF's investigation, at least two agents acting undercover interacted with Bryan Malinowski at a gun show in Arkansas. The United States respectfully refers the Court to the Affidavit in Support of the Search Warrant in Case No. 4:24-SW-00062-JJV. To the extent the allegations in Paragraph 45 incompletely and/or inaccurately describe any portion of the investigation as described in the Affidavit, the United States denies the allegations in Paragraph 45.  The United States lacks sufficient knowledge to admit or deny whether Bryan Malinowski believed he did not need an "FFL" and thus denies these allegations.

46.     The United States admits that ATF Agents and/or ATF TFOs gained knowledge about Bryan Malinowski through their investigation. The United States can neither admit nor deny the overly broad and subjective allegation that "ATF learned a lot," and therefore denies these allegations. The United States respectfully refers the Court to the Affidavit in Support of the Search Warrant in Case No. 4:24-SW-00062-JJV. To the extent the allegations in Paragraph 46 incompletely and/or inaccurately describe any portion of the investigation as described in the Affidavit, the United States denies the allegations in Paragraph 46.

47.     As to Paragraph 47, the United States admits only that ATF Agents and/or ATF TFOs learned that Bryan Malinowski was employed at the airport.  The United States denies the remaining allegations in Paragraph 47.  The United States avers that ATF's investigation revealed only that, while at the airport, Bryan Malinowski parked in a secured parking lot behind a locked access gate, to which ATF Agents and/or ATF TFOs did not have vehicular access, making personal observations difficult.

48.     The United States admits only that ATF Agents and/or ATF TFOs were aware that Bryan Malinowski had no criminal record at the time ATF initiated its investigation of him. The United States denies the remaining allegations in Paragraph 48.

49.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 49 and thus denies these allegations.

50.    Admits the allegations in Paragraph 50.

51.    Admits the allegations in Paragraph 51.

52.    The United States admits only that ATF did not have an arrest warrant for Bryan Malinowski on March 19, 2024.  The United States respectfully refers the Court to the Affidavit in Support of the Search Warrant in Case No. 4:24-SW-00062-JJV. To the extent the allegations in Paragraph 52 incompletely and/or inaccurately describe what facts and information the Search Warrant Affidavit does or does not contain, and to the extent the allegation in Paragraph 52 contains subjective conclusions about the facts and information in the Search Warrant Affidavit, the United States denies the allegations in Paragraph 52. The United States denies that a federal search warrant is required to or would ordinarily contain any information regarding a person's propensity to evade law enforcement; potential lack of cooperation; that a particular person might be a danger; or pose a threat or risk of destroying evidence.

**B.  ATF's Efforts to Close the "Gun Show Loophole" and Announcement of Rule Change One Month After Bryan is Killed**

53.    The United States admits that April 11, 2024 is less than one month after March 19, 2024.  The United States admits only that the Attorney General signed the Final Rule, "Definition of 'Engaged in the Business' as a Dealer in Firearms" (hereinafter the "Final Rule") on April 8, 2024, and avers that it was published in the Federal Register on April 19, 2024.  The United States respectfully refers the Court to the text of the Final Rule, 89 Fed. Reg. 28968, for the best recitation of its contents.  To the extent Paragraph 53 incompletely and/or inaccurately describes the text of the Final Rule, the United States denies the allegations in Paragraph 53. The United States denies the remaining allegations in Paragraph 53.

54.    The United States admits that the Final Rule revised the definition in 27 C.F.R. § 478.11 of "Engaged in the business" as a dealer in firearms. The United States respectfully refers the Court to the text of the Final Rule, 89 Fed. Reg. 28968, and to the text of 27 C.F.R. § 478.13,

which provides the full definition for "Engaged in the Business" as a dealer in firearms as modified by the Final Rule.  The United States avers that this Regulation implemented a change to the definition of "Engaged in the Business" made by Congress in 2022 as part of the Bipartisan Safe Communities Act, P.L. No. 117-159, 136 Stat. 1313 as reflected in 18 U.S.C. § 921(a)(21)(C). To the extent Paragraph 54 incompletely and/or inaccurately describes the changes as set forth in  the Final Rule or 18 U.S.C. § 921(a)(21)(C) as amended by the Bipartisan Safe Communities Act of 2022, the United States denies the allegations in Paragraph 54. The United States denies the remaining allegations in Paragraph 54.

55.     Paragraph 55 contains only a quote from a New York Times article which contains the author's subjective opinion.  The United States respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 55 incompletely and/or inaccurately describes the cited article, the United States denies the allegations in Paragraph 55.  To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the article as factual allegations, the United States denies those allegations.

56.     Paragraph 56 contains only a quote from a paper published by Everytown Research and Policy which contains a subjective opinion.  The United States respectfully refers the Court to the cited paper for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the cited paper, the United States denies the allegations in Paragraph 56. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the paper as factual allegations, the United States denies those allegations.

57.     Paragraph 57 contains only a quote and summary of a Washington Post article which contains a subjective opinion about the purpose of the Final Rule. The United States respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the article, the United States denies the allegations in Paragraph 57. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in

the article as factual allegations, the United States denies those allegations.

58.     Paragraph 58 references and provides subjective commentary on a 12NewsNow article and/or video.  The United States respectfully refers the Court to the cited article and video for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the article and/or video, the United States denies the allegations in Paragraph 58. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the article as factual allegations, the United States denies those allegations.

59.     The United States admits only that the Final Rule did not go into effect until May 2024. Paragraph 59 is a reference to and quote from a New York Times article which contains a subjective opinion about the Final Rule.  The United States respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the article, the United States denies the allegations in Paragraph 59.  To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the article as factual allegations, the United States denies those allegations.

60.     The United States admits that the Final Rule was not published, nor was it in effect, when ATF Agents and/or ATF TFOs were investigating Bryan Malinowski. The United States avers that ATF Agents and/or ATF TFOs developed probable cause to believe that, concealed within the residence at 4 Durance Court, Little Rock, Arkansas, and/or concealed within Bryan Malinowski's vehicle, were items that constitute evidence, fruits, instrumentalities, and things otherwise criminally possessed in violation of 18 U.S.C. §§ 922(a)(1)(A) and 922(a)(6) and that a Federal Magistrate Judge thus issued search warrants for the Malinowski home and Bryan Malinowski's vehicle, which were served shortly after 6:00 a.m. on March 19, 2024 in accordance with applicable laws and statutes.  The United States denies the remaining allegations in Paragraph 60 and specifically denies that the Final Rule had any relevance to ATF's investigation of Bryan Malinowski.

12

61.     The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 61 as it is unclear to whom "they" refers.  Therefore, it denies these allegations.  The United States avers that ATF Agents and/or ATF TFOs developed probable cause to believe that, concealed within the residence at 4 Durance Court, Little Rock, Arkansas and/or concealed within Bryan Malinowski's vehicle, were items that constituted evidence, fruits, instrumentalities, and things otherwise criminally possessed in violation of 18 U.S.C. §§ 922(a)(1)(A) and 922(a)(6) and that a Federal Magistrate Judge thus issued search warrants for the Malinowski home and Bryan Malinowski's vehicle, which were served shortly after 6:00 a.m. on March 19, 2024 in accordance with applicable laws and statutes.

### C.  ATF Develops its Operations Plan, Recognizing Bryan was not Dangerous[4]

62.     Paragraph 62 contains an alleged quoted statement by SA Timothy Boles with no information about how or when the quote was made. The United States lacks sufficient information to admit or deny the allegations as written in the Complaint and thus denies.

63.     Admits the allegations in Paragraph 63.

64.     Admits the Operations Plan was approved and signed by Clayton Merrill as set forth in Paragraph 64.  The United States avers Clayton Merrill was the Resident Agent in Charge ("RAC"), not the Special Agent in Charge ("SAC").

65.     Denies the allegations in Paragraph 65.

66.     Denies the allegations in Paragraph 66.

67.     The United States admits only that ATF Agents and/or ATF TFOs were aware that Bryan Malinowski had no criminal record at the time ATF initiated its investigation of him. The United States denies the remaining allegations in Paragraph 67.

68.     Denies the allegations in Paragraph 68.

69.     Paragraph 69 contains an alleged quoted statement by SA Shannon Hicks with no information about how or when the quote was made. The United States lacks sufficient information

---

[4] The United States specifically denies that ATF "recogniz[ed] Bryan was not dangerous."

to admit or deny the allegations as written in the complaint and thus denies these allegations.

70.     Paragraph 70 contains an alleged quoted statement by SA Tyler Cowart with no information about how or when the quote was made. The United States lacks sufficient information to admit or deny as written in the complaint and thus denies these allegations.

71.     Denies the allegations in Paragraph 71.

72.     Paragraph 72 refers to the "Operations Plan" and to the extent Plaintiff is attempting to cite to the ATF Operational Plan, the United States respectfully refers the Court to the ATF Operational Plan for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  The United States denies that the ATF Operational Plan contains all of the information alleged in the manner alleged and as written in the complaint in Paragraph 72, to include all subparts. The United States lacks sufficient information to admit or deny whether all ATF SAs and/or ATF TFOs were aware of all the listed information.  Paragraph 72, subpart h, contains an alleged quoted statement by SA James Bass with no information about how or when the quote was made. The United States lacks sufficient information to admit or deny the alleged quote as written in the complaint attributed to SA Bass and thus denies these allegations.

73.     Denies the allegations in Paragraph 73.

### D. ATF Plans and Prepares for a High-Risk Dynamic Entry

74.     Paragraph 74 contains only an alleged quote and facts attributed to SA Shannon Hicks with no information about how or when the quote or summarized statement was made.  The United States lacks sufficient information to admit or deny the allegations as written in the Complaint and thus denies.

75.     Paragraph 75 refers to the "Operations Plan" and to the extent Plaintiff is attempting to cite to the ATF Operational Plan, the United States respectfully refers the Court to the ATF Operational Plan for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  The United States admits only that the phrases quoted in Paragraph 75 both appear in the ATF Operational Plan.  The United States avers that the quoted portion of the ATF Operational Plan provides that after announcements, and "[a]fter a reasonable time has passed with

14

no response, the [Team Leader] will give the command to 'initiate.' The Entry Team, using mechanical tools, will manually breach the A-side door and conduct a limited penetration into the residence."

76.    Denies the allegations in Paragraph 76.

77.    The United States lacks sufficient knowledge to admit or deny the broad and vague allegations in Paragraph 77 and thus denies. Paragraph 77 also contains a legal conclusion regarding alleged use of excessive force by ATF to which no response is required. To the extent a response is required, denied.

78.    Paragraph 78 refers to a General Accounting Office ("GAO") report.  The United States respectfully refers the Court to the cited report for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 78 incompletely and/or inaccurately describes the cited Report, the United States denies the allegations in Paragraph 78.  To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the report as factual allegations, the United States denies those allegations.

79.    Paragraph 79 refers to a GAO report.  The United States respectfully refers the Court to the cited report for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 79 incompletely and/or inaccurately describes the cited report, the United States denies the allegations in Paragraph 79.  To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the report as factual allegations, the United States denies those allegations.

80.    Paragraph 80 refers to a GAO report.  The United States respectfully refers the Court to the cited report for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 80 incompletely and/or inaccurately describes the cited report, the United States denies the allegations in Paragraph 80.  To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the report as factual allegations, the United States denies those allegations.

81.    Paragraph 81 refers to a GAO report.  The United States respectfully refers the

Court to the cited report for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent Paragraph 81 incompletely and/or inaccurately describes the cited report, the United States denies the allegations in Paragraph 81. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the report as factual allegations, the United States denies those allegations.

82.    Denies the allegations in Paragraph 82.

83.    The United States admits only that ATF SAs and ATF TFOs approached the Malinowski home wearing ballistic vests and tactical helmets. The United States denies the remaining allegations in Paragraph 83.

84.    Denies the allegations as written in the complaint as to Paragraph 84.

85.    Denies the allegations as written in the complaint as to Paragraph 85.

86.    Denies the allegations in Paragraph 86.

### E.  Agents Call Off a Planned Raid on March 12, 2024, When They Learn Bryan is Out of Town

87.    The United States admits only that a prior plan to serve the search warrants was set for March 12, 2024 and was abandoned. The United States denies the remaining allegations in Paragraph 87 and denies that ATF conducted a "raid" at the Malinowski residence.

88.    Admits that some of the Agents, TFOs and LRPD officers assembled at the parking lot of Walmart located at 19301 Cantrell Road as set forth in Paragraph 88. Denies the remaining allegations as written.

89.    Admits the allegations in Paragraph 89.

90.    Admits the allegations in Paragraph 90.

91.    Admits the allegations in Paragraph 91.

92.    Denies the allegations in Paragraph 92. The United States avers that the decision regarding how and when to serve a search warrant is within the discretion of ATF.

93.    The United States admits only that ATF modified its plan to serve the warrants for the Malinowski residence and Bryan Malinowski's vehicle on March 12, 2024. The United States

denies the remaining allegations in Paragraph 93.

94.    The United States admits only that ATF modified its plan to serve the warrants for the Malinowski residence and Bryan Malinowski's vehicle on March 12, 2024. The United States denies the remaining allegations in Paragraph 94.

### F.  ATF Fails to Comply with the Operations Plan in Preparing for the Second Attempt at the Search Warrant Execution

95.    Admits "Agent Dillard set a new date for the warrant execution, March 19, 2024, and prepared an [ATF] Operation[al] Plan on March 15, 2024, which [Clayton] Merrill approved that day."  The Unites States avers Clayton Merrill was the RAC, not the SAC.

96.    The United States admits only that some of the assignments for individual ATF AA and/or ATF TFOs changed between March 12, 2024 and March 19, 2024. The United States denies the remaining allegations in Paragraph 96.

97.    The United States admits only that the operational briefing was scheduled for March 18, 2024.  The United States denies the remaining allegations in Paragraph 97.

98.    The United States admits only that ATF SAs, ATF TFOs, and LRPD officers assembled at the nearby Walmart staging area prior to serving the search warrants. The United States specifically denies that the assembly at the staging area was "instead" of an operational briefing, and denies the remaining allegations in Paragraph 98. The United States avers that the ATF Operational Plan included the plan for the staging area date, time, and location in addition to the briefing date and time.

99.    Paragraph 99 of Plaintiff's Complaint contains a quote attributed to SA Boles from his interview with the Arkansas State Police after the shooting.  The United States respectfully refers the Court to the cited interview for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 99 incompletely and/or inaccurately describes the cited interview, the United States denies the allegations in Paragraph 99.

100.    Paragraph 100 of Plaintiff's Complaint contains a quote attributed to SA Boles from his interview with the Arkansas State Police after the shooting.  The United States respectfully

refers the Court to the cited interview for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 100 incompletely and/or inaccurately describes the cited interview, the United States denies the allegations in Paragraph 100.

### G. The "Team" Assembles and Divides Up Responsibilities for the Warrant Execution

101.    Admits the allegations in Paragraph 101.

102.    Admits the allegations in Paragraph 102 with the exception RAC Merrill was with LRPD Officer Steve Woodall; and therefore, denies the allegation as to LRPD Officer Woodall.

103.    The United States admits only that SA Boles was designated as the entry team leader. The United States denies the remaining allegations in Paragraph 103.

104.    The United States admits only that SA Boles gave orders to initiate the knock-and-announce procedure, to breach the doors, and to enter. The United States denies the remaining allegations in Paragraph 104.

105.    The United States admits that SA Bass was the leading ATF SA as the entry team approached the front door of the Malinowski residence. The United States admits that SA Bass placed tape over the video doorbell at the front door of the home. The United States denies the remaining allegations in Paragraph 105.

106.    The United States admits that SA Bass carried the ballistic shield. The United States admits that SA Bass did not enter the Malinowski residence before Bryan Malinowski was shot. The United States denies the remaining allegations in paragraph 106.

107.    The United States admits that SA Sprinkles conducted a knock-and-announce. The United States denies the implication in Paragraph 107 that other ATF SAs and/or ATF TFOs were not involved in the knock-and-announce procedure.

108.    Denies the allegations as written in the complaint as to Paragraph 108.

109.    The United States admits that SA Cowart was a member of the entry team. The United States admits that SA Cowart had available and was trained to use a Halligan pry tool. The United States admits that the Malinowski residence had glass, French-style storm doors and main,

wooden doors leading from the front porch to the home. The United States denies the remaining allegations in Paragraph 109.

110.    The United States admits only that SA Cowart was the second agent to enter the Malinowski home. The United States denies the remaining allegations in Paragraph 110.

111.    Admits the allegations in Paragraph 111.

112.    The United States admits that SA Dillard was a member of the entry team and admits that SA Dillard reported to Arkansas State Police that he was near the back of the "stack" as it approached the Malinowski residence.  Any remaining allegations contained in Paragraph 112 are denied.

113.    Denies the allegations in Paragraph 113.

114.    Admits the allegations in Paragraph 114.

115.    Admits the allegations in Paragraph 115.

116.    The United States is without sufficient information to admit or deny the allegations in Paragraph 116 and thus denies these allegations.

117.    Admits the allegation in Paragraph 117.

118.    Admits the allegations in Paragraph 118.

119.    The United States admits only that under the terms of the operational plan, the ATF On-Scene Commander had the authority to abort the mission at any time.  The United States avers that any of the assisting officers, detectives, or special agents could abort the mission if he or she saw anything that they felt may jeopardize the safety of any member of the team or the general public.  Any remaining allegation contained in Paragraph 119 is denied.

## H. None of the Agents, TFOs, or LRPD Officers Wore or Activated their Body Cameras

120.    The United States denies that the cited DOJ policy is accurately or completely described and specifically denies that the cited policy mandated that ATF agents wear and activate body worn cameras at any time. The United States avers that none of the ATF SA or ATF TFOs involved in the search warrant operation had been issued body worn cameras as of March 19, 2024.

Any remaining allegation contained in Paragraph 120 is denied.

121.    The United States lacks sufficient information to admit or deny whether any of the officers on scene who were equipped with body worn cameras activated their cameras and thus denies. The United States respectfully refers the Court to the cited policy for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 121 incompletely and or inaccurately describes the cited report, the United States denies the allegations in Paragraph 121.  To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the policy as factual allegations, the United States denies those allegations.  The United States avers that none of the ATF SAs or ATF TFOs named as defendants had been issued body worn cameras as of March 19, 2024.

122.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 122 and thus denies these allegations.

123.    The United States admits only that audio and video recordings exist from an LRPD vehicle parked facing a home adjacent to the Plaintiff's.  The United States lacks sufficient information to admit or deny whether the recordings were automatic. To the extent Paragraph 123 incompletely and/or inaccurately describes the recordings, the United States denies the allegations in Paragraph 123.

### I.  The Agents' and TFOs' Clothing Did Not Identify Them From the Side

124.    Denies the allegations in Paragraph 124.  The United States avers the ATF SAs and ATF TFOs were clearly dressed as law enforcement officers on March 19, 2024.

125.    Denies the allegations in Paragraph 125.  The United States avers the SAs and TFOs were clearly dressed as law enforcement officers on March 19, 2024.

126.    Denies the allegations as written in Paragraph 126. The United States avers that the tactical helmets nonetheless helped identify the ATF SAs and ATF TFOs as law enforcement

officers.

127.     The United States admits only that the black rifles did not display large identifying markings in Paragraph 127. The United States denies that the rifles contained no identifying markings such as manufacturer markings and serial numbers.

128.     The United States admits that the shield carried by SA Bass contained the word "POLICE" on its front. The United States denies the remaining allegations in Paragraph 128.

129.     The United States admits the ballistic shield was not inside the Malinowski residence at the time Bryan Malinowski opened fire and an ATF Agent returned fire. The United States denies the characterization of the entry team as being in "disarray" and denies the remaining allegations in Paragraph 129.

130.     Denies the allegations in Paragraph 130.  The United States avers the ATF SAs and ATF TFOs were clearly dressed as law enforcement officers on March 19, 2024.

131.     Denies the allegations in Paragraph 131.  The United States avers the ATF SAs and ATF TFOs were clearly dressed as law enforcement officers on March 19, 2024.

### J. The Agents Arrive in Darkness to a Quiet Home

132.     The United States admits ATF SAs and/or ATF TFOs arrived at the Malinowski home located on Durance Court on March 19, 2024 around 6:00 a.m.  The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 132 and thus denies.

133.     The United States lacks sufficient information to admit or deny the allegations in Paragraph 133 and thus denies these allegations.

134.     Denies the allegations in Paragraph 134.

135.     Paragraph 135 contains a legal conclusion; and therefore, requires no response. To the extent a response is required, the United States denies these allegations.

136.     Admits the allegations in Paragraph 136.

21

137.     Admits the allegations in Paragraph 137.

138.     Admits the allegations in Paragraph 138.

139.     The United States lacks sufficient information to admit or deny the allegations in Paragraph 139 and thus denies these allegations.

### K. The Agents Hurriedly Knock and Fail to Clearly Announce

140.     Admits the allegations in Paragraph 140.

141.     The United States admits only that SA Bass placed something over the video doorbell camera, which obscured the recorded image. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 141 and thus denies.

142.     Admits the allegations in Paragraph 142.

143.     Admits the allegations in Paragraph 143. The United States denies the implication it was under a legal obligation to ring the doorbell at the Malinowski residence or to call Bryan Malinowski before service of the warrants.

144.     The United States is without sufficient facts to admit or deny the allegations in Paragraph 144 and thus denies these allegations.

### L. Agents Fail to Wait a Reasonable Time before Breaching the Malinowski Home and Fatally Shooting Bryan

145.     The United States denies the allegations in Paragraph 145 of Plaintiff's Complaint.

146.     Paragraph 146 contains an alleged quote from ATF SA Sprinkles with no information about how or when the alleged statement was made.  Absent any context, the United States lacks sufficient information to admit or deny the allegations in Paragraph 146 and thus denies.

147.     Paragraph 147 contains an alleged quote from ATF SA Hicks with no information about how or when the alleged statement was made.  Absent any context, the United States lacks

sufficient information to admit or deny the allegations in Paragraph 147 and thus denies.

148. The United States admits only that the blue flashing lights on Officer Lakey's vehicle remained active. The United States lacks sufficient knowledge to admit or deny the remaining allegations and thus denies in Paragraph 148.

149. Paragraph 149 contains references to an Arkansas State Police investigation. To the extent Paragraph 149 incompletely and/or inaccurately describes the cited investigation, the United States denies the allegations in Paragraph 149.

150. Paragraph 150 contains only references to testimony from Arkansas State Police Major Stacie Rhoads before the Arkansas Senate Judiciary Committee on September 30, 2024. The United States respectfully refers the Court to the cited hearing testimony for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent Paragraph 150 incompletely and/or inaccurately describes the hearing testimony, the United States denies the allegations in Paragraph 150.

151. The United States admits the allegations in Paragraph 151 but avers that SA Boles is an ATF Special Agent and not a "Commander."

152. Denies the allegations in Paragraph 152.

153. Denies the allegations in Paragraph 153.

154. Denies the allegations in Paragraph 154.

155. The United States lacks sufficient information to admit or deny the allegations in Paragraph 155 and thus denies.

156. Denies the allegations in Paragraph 156.

**M. In 28 Seconds, Agents Begin Forcing Their Way into the Malinowski Home**

157. Paragraph 157 contains an allegation that SA Boles made certain statements in an interview with the Arkansas State Police. The United States respectfully refers the Court to the

interview for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent Paragraph 157 incompletely and/or inaccurately describes the cited interview, the United States denies the allegations in Paragraph 157.

158. Paragraph 158 contains an allegation that SA Boles made certain statements in an interview with the Arkansas State Police. The United States respectfully refers the Court to the interview for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent Paragraph 158 incompletely and/or inaccurately describes the cited interview, the United States denies the allegations in Paragraph 158.

159. Admits the allegations in Paragraph 159. To the extent Paragraph 159 implies that SA Boles had an obligation to take the actions which it is alleged were not taken, the United States denies that any such obligation exists.

160. Paragraph 160 contains a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies these allegations.

161. Denies the allegations in Paragraph 161.

162. Paragraph 162 alleges that SA Boles made a quoted statement, with no indication of when or how the statement was made or its context. Absent any context, the United States lacks sufficient information to admit or deny the allegations in Paragraph 162 and thus denies these allegations.

163. The United States admits only that SA Cowart used the Halligan tool to breach the glass doors. The United States denies the remaining allegations in Paragraph 163.

164. The United States admits that after SA Cowart breached the glass storm doors, TFO Gibbons used a ram to open the front wooden doors of the Malinowski home with a single strike

and that he placed the ram on the porch. The United States denies the remaining allegations in Paragraph 164.

### N. The Entry Team Falls into Disarray

165.    Denies the allegations in Paragraph 165.

166.    The United States denies the allegation in the first sentence of Paragraph 166. The second sentence of Paragraph 166 alleges that SA Sprinkles made a quoted statement, with no indication of when or how the statement was made or its context. Absent any context, the United States lacks sufficient information to admit or deny this allegation and thus denies these allegations.

167. Paragraph 167 contains references to a quoted statement made by SA Sprinkles as well as a summary of facts with no indication of when or how the statement was made or its context. Absent any context, the United States lacks sufficient information to admit or deny this allegation and thus denies these allegations. The remaining allegations are denied.

168.    The United States admits only that SA Bass and the shield did not enter the residence before Bryan Malinowski began shooting toward ATF Agents and an ATF Agent returned fire. The United States denies the remaining allegations in Paragraph 168.

169.    Paragraph 169 contains references to a statement made by SA Ness to Arkansas State Police investigators. The United States respectfully refers the Court to the investigation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent Paragraph 169 incompletely and/or inaccurately describes the cited investigation, the United States denies the allegations in Paragraph 169. The United States denies that there was a "raid" at any time.

170.    Denies the allegations in Paragraph 170.

171.    Denies the allegations in Paragraph 171.

25

172.    Paragraph 172 alleges that SA Boles made a quoted statement, with no indication of when or how the statement was made or its context.  Absent any context, the United States lacks sufficient information to admit or deny this allegation and thus denies these allegations.

### O. Two Agents Enter the Home with Guns Drawn

173.    Admits the allegations in Paragraph 173. The United States avers that SA Sprinkles entered the home with his M-4 rifle aimed toward a light to his right, center and not pointed toward Bryan Malinowski, who was to SA Sprinkles' left.

174.    Denies the allegations in Paragraph 174.

175.    Paragraph 175 alleges that SA Cowart "recounted" certain information, with no indication of when or how such information was provided or its context. Absent any context, the United States lacks sufficient facts to admit or deny the allegations in Paragraph 175 and thus denies these allegations.

176.    Paragraph 176 contains references to a statement made by SA Cowart to Arkansas State Police investigators.  The United States respectfully refers the Court to the referenced investigation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent Paragraph 176 incompletely and/or inaccurately describes the cited investigation, the United States denies the allegations in Paragraph 176.

177.    The United States admits only that Bryan Malinowski stood to the left of SA Sprinkles as he entered the Malinowski residence. The United States lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 177 and thus denies these allegations.

178.    The United States admits only that the ATF SAs and TFOs were dressed in tactical gear. The United States denies the remainder of the allegations in Paragraph 178.   The United States avers that all ATF personnel were dressed in a manner which would make it clear that they

were law enforcement officers and that it was Bryan Malinowski who opened fire on the Agents without warning.

179.    Admits the allegations in Paragraph 179.  The United States avers that Bryan Malinowski was shot only after he opened fire on Agents as they entered the Malinowski residence striking SA Cowart in the foot.

### P.  Bryan Malinowski Hears the Sound of Intruders and Acts to Defend Himself and His Wife

180.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 180 and thus denies these allegations.

181.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 181 and thus denies these allegations.

182.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 182 and thus denies these allegations.

183.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 183 and thus denies these allegations.  The United States specifically denies that the ATF Special Agents entering the Malinowski residence were "intruders."

184.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 184 and thus denies these allegations.

185.   The United States lacks sufficient information to admit or deny the allegations in Paragraph 185 and thus denies these allegations.

186.    Denies the allegations in Paragraph 186. The United States specifically denies that the ATF Agents entering the Malinowski residence were "intruder[s]." The United States avers that all ATF Agents and ATF TFOs were dressed in a manner which would make it obvious that they were law enforcement officers whose entry was justified by a valid warrant.

187. The United States lacks sufficient information to admit or deny the allegations in Paragraph 187 and thus denies these allegations.

188.    The United States admits only that a bullet from Bryan Malinowski's weapon hit one of the agents in the boot sole. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 188 and thus denies these allegations.

189.    The United States admits that SA Cowart entered the Malinowski residence after SA Sprinkles and that SA Cowart returned fire. The United States lacks sufficient information to admit or deny the remaining allegations in Paragraph 189 and thus denies. The United States avers that SA Cowart was immediately met with gunfire from Bryan Malinowski; that SA Cowart believed his life and the life of SA Sprinkles were at risk; and that the use of force was reasonable and necessary under the circumstances.

190.    Admits the allegations in Paragraph 190 with the exception of the noted time of 6:03:43 a.m. and the amount of time that passed, 48 seconds, which the United States denies these allegations.

191.    It is unclear which "ATF agents and task force officers" were in the home as set forth in Paragraph 191. As such, the United States lacks sufficient information to admit or deny the allegations, thus denies these allegations.

192.    Admits the allegations in Paragraph 192.

193.    Paragraph 193 references an alleged statement made by SA Bass to Arkansas State Police investigators. The United States respectfully refers the Court to the investigation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the investigation, the United States denies the allegations in Paragraph 193.

### Q.  Agents, TFOs, and Officers Detain Maer Malinowski in a Patrol Vehicle for Hours as She Begs to be Released

194.    Paragraph 194 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the United States denies the allegations.

195.    Paragraph 195 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

196.    Paragraph 196 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

197.    Paragraph 197 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

198.     Paragraph 198 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

199.    Paragraph 199 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

200.    Paragraph 200 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

201.     Paragraph 201 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

202.     Paragraph 202 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

203.     Paragraph 203 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

204.     Paragraph 204 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

205.     Paragraph 205 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

206.     Paragraph 206 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

207.     Paragraph 207 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

208.    Paragraph 208 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

209.    . Paragraph 209 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

210.    Paragraph 210 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

211.    Paragraph 211 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

212.    Paragraph 212 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

213.    Paragraph 213 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

214.    Paragraph 214 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

215.    Paragraph 215 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

216.    Paragraph 216 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

217.    Paragraph 217 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

218.    Paragraph 218 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

219.    Paragraph 219 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

220.    Paragraph 220 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

221.    Paragraph 221 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

222.    Paragraph 222 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

223.    Paragraph 223 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

224.    Paragraph 224 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

225.    Paragraph 225 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

226.    Paragraph 226 of Plaintiff's Complaint appears to contain facts related to the false imprisonment claim which was dismissed by Court Orders.  Docs. 49-50. As such, no response is required, but to the extent a response is required, the  United States denies the allegations.

### R.  Bryan Succumbs to His Gunshot Wound and is Pronounced Dead on March 21, 2024

227.    Admits the allegations in Paragraph 227.

228.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 228 and thus denies these allegations.

229.    The United States lacks sufficient information to admit or deny Plaintiff's allegations regarding "medical efforts" and thus denies these allegations.  The United States admits the remaining allegations in Paragraph 229.

230.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 230 and thus denies these allegations.

231.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 231 and thus denies these allegations.

232.    The United States lacks sufficient information to admit or deny the allegations in Paragraph 232 and thus denies these allegations.

### S.  The Constitution Requires Officers to Knock and Announce and Wait a Reasonable Time Before Forcing Entry Where No Exigency Exists [5]

233.    Paragraph 233 contains a quote from *Wilson v. Arkansas*, 514 U.S. 927, 929 (1995) and a legal conclusion regarding its holding, to which a response is not necessary.  The United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 233.

234.    Paragraph 234 contains a quote from and legal conclusion regarding the 18 U.S.C. § 3109, to which a response is not necessary.  The United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 234.

235.    Paragraph 235 contains a legal conclusion to which a response is not necessary. To the extent a response is necessary, the United States denies that Paragraph 235 contains a complete and accurate statement of the law.

---

[5] The United States avers all ATF SAs and TFOs knocked, announced and waited a reasonable time before entering the Malinowski residence.

236. Paragraph 236 contains a legal conclusion to which a response is not necessary. To the extent a response is necessary, the United States denies that Paragraph 236 contains a complete and accurate statement of the law.

237. Paragraph 237 contains a quote from and legal conclusion regarding *Hudson v. Michigan*, 547 U.S. 586, 594 (2006) to which a response is not necessary. To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 237.

238. Paragraph 238 contains a legal conclusion regarding and referencing *Hudson* to which a response is not necessary. To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 238.

239. Paragraph 239 contains a quote from *Hudson* to which a response is not necessary. The United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 239.

240. Paragraph 240 contains quotations from and a legal conclusion regarding *Richards v. Wisconsin*, 520 U.S. 385, 394-95 (1997) to which a response is not necessary. To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the

35

extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 240.

241.    Paragraph 241 contains legal conclusions based on a quotation from *U.S. v. Vesey*, 338 F.3d 913, 915-16 (8th Cir. 2003) citing *Wilson v. Arkansas*, 514 U.S. 927, 931-32, 936 (1995), to which a response is not necessary.  To the extent a response is required, the United States respectfully refers the Court to the cited cases for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited cases, the United States denies the allegations in Paragraph 241.

242.    Paragraph 242 contains legal conclusions based on quotations from *U.S. v. Banks*, 540 U.S. 31, 40 (2003) to which a response is not necessary.  To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 242.

243.    Paragraph 243 contains a quote and legal conclusion based on *U.S. v. Banks*, 540 U.S. 31, 40 (2003) to which a response is not necessary. To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 243.

244.    Paragraph 244 contains a quote from *U.S. v. Banks*, 540 U.S. 31, 41 (2003) to which a response is not necessary.  To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies

36

any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 244.

245. Paragraph 245 contains legal conclusions and a quote from *U.S. v. Banks*, 540 U.S. 31, 41 (2003) to which a response is not necessary. To the extent a response is required, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 245.

246. Paragraph 246 contains a quote from *U.S. v. Banks*, 540 U.S. 31, 43 (2003) to which a response is not necessary. The United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 246.

247. Paragraph 247 contains Plaintiff's subjective interpretation of a Department of Justice Policy from September 2001 to which a response is not necessary. The United States respectfully refers the Court to the cited Policy for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited Policy, the United States denies the allegations in Paragraph 247. The United States avers that its SAs and TFOs complied with any applicable requirement to knock and announce their presence while serving the warrant at the Malinowski residence on March 19, 2024.

248. Paragraph 248 contains Plaintiff's subjective interpretation of a Department of Justice Policy from September 2001 to which a response is not necessary. The United States respectfully refers the Court to the Policy for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the

37

cited Policy, the United States denies the allegations in Paragraph 248. The United States avers that its SAs and TFOs complied with any applicable requirement to knock and announce their presence and wait a reasonable amount of time while serving the warrant at the Malinowski residence on March 19, 2024.

249. Paragraph 249 contains Plaintiff's subjective interpretation of a Department of Justice Policy from September 2001 to which a response is not necessary. The United States respectfully refers the Court to the Policy for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited Policy, the United States denies the allegations in Paragraph 249. The United States avers that its SAs and TFOs complied with any applicable requirement to knock and announce their presence while serving the warrant at the Malinowski residence on March 19, 2024.

250. Paragraph 250 contains Plaintiff's subjective interpretation of a Department of Justice Policy from September 2001 to which a response is not necessary. The United States respectfully refers the Court to the Policy for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited Policy, the United States denies the allegations in Paragraph 250. The United States avers that the warrant that was served at the Malinowski residence was not a "no knock" warrant and that the warrant was served in compliance with applicable laws, statutes, and policies.

251. The United States admits only that ATF SAs and/or ATF TFOs forcibly entered the Malinowski residence. Otherwise, Paragraph 251 contains legal conclusions to which no response is required. To the extent a response is required, the United States denies these allegations.

38

**T.  Arkansans and Americans are Outraged, And Congressional Leaders Call Bryan Malinowski's Death a Senseless "Horror That Should Not Occur to Any American"**

252.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 252 and thus denies these allegations.

253.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 253 and thus denies these allegations.  The United States avers that ATF SAs and ATF TFOs were not wearing body worn cameras because they had not yet been issued to them by ATF or their employing local agency, as applicable.

254.    Paragraph 254 contains only a quote from a New York Times article, which contains subjective opinions, and to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the cited article, the United States denies the allegations in Paragraph 254. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the article as factual allegations, the United States denies those allegations.

255.    The United States lacks sufficient knowledge to admit or deny the first sentence of Paragraph 255 and thus denies. Paragraph 255 also contains a screenshot from a social media posting attributed to Senator Tom Cotton to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited post for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph incompletely and/or inaccurately describes the cited post, the United States denies the allegations in Paragraph 255. To the extent Plaintiff intends to allege any

subjective opinion(s) and/or other information contained in the post as factual allegations, the United States denies those allegations.

256.    Paragraph 256 references an article from the Second Amendment Foundation internet site. The United States respectfully refers the Court to the cited article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the cited article, the United States denies the allegations in Paragraph 256. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the article as factual allegations, the United States denies those allegations.

257.    Paragraph 257 contains a reference to a local television news story to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited story for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.   To the extent this paragraph incompletely and/or inaccurately describes the cited story, the United States denies the allegations in Paragraph 257. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the story as factual allegations, the United States denies those allegations.

258.    Paragraph 258 contains a reference to and quote from a letter from House Judiciary Committee Chairman Jim Jordan to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph incompletely and/or inaccurately describes the cited letter, the United States denies the allegations in Paragraph 258. To the extent Plaintiff intends to allege any subjective opinion(s)

and/or other information contained in the letter as factual allegations, the United States denies those allegations.

259.    Paragraph 259 contains a reference to and quote from a letter from House Judiciary Committee Chairman Jim Jordan to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the letter, the United States denies the allegations in Paragraph 259. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the letter, Exhibit B to complaint, as factual allegations, the United States denies those allegations.

260.    Paragraph 260 contains a reference to and quote from a letter from House Judiciary Committee Chairman Jim Jordan to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the cited letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the letter, the United States denies the allegations in Paragraph 260. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the letter, Exhibit B to complaint, as factual allegations, the United States denies those allegations.

261.    The United States lacks sufficient knowledge to admit or deny the allegations in Paragraph 261 and thus denies. Paragraph 261 contains a reference to training materials produced by the Federal Law Enforcement Training Center to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the referenced training materials for a complete and accurate statement of their contents and denies any

allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the cited training materials or their relevance, the United States denies the allegations in Paragraph 261.  The United States further avers that the manner in which the warrant was served at the Malinowski residence was a discretionary function.

262.    Paragraph 262 contains subjective opinions and legal conclusions to which no response is required. To the extent a response is required, the United States denies the allegations in paragraph 262. The United States further avers that the manner in which the warrant was served at the Malinowski residence was a discretionary function.

263.    The United States admits only that on May 22, 2024, the House Judiciary Select Subcommittee on the Weaponization of the Federal Government held a hearing related to the events of March 19, 2024 at the Malinowski residence.  The United States specifically denies that ATF conducted a "raid" at the Malinowski residence. The United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 263. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials as factual allegations, the United States denies those allegations.

264.    Paragraph 264 contains a subjective opinion about the hearing cited in Paragraph 263 to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 264. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in

the hearing materials, Exhibit C to the complaint, as factual allegations, the United States denies those allegations.

265.    Paragraph 265 contains a quote attributed to Representative Greg Steube from the hearing cited in Paragraph 263 to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 265. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, Exhibit C to the complaint, as factual allegations, the United States denies those allegations.

266.    Paragraph 266 contains a quote attributed to Chairman Jim Jordan from the hearing cited in Paragraph 263 to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 266. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials as factual allegations, the United States denies those allegations.

267.    Paragraph 267 contains a reference to the hearing cited in Paragraph 263 to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 267. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing

43

materials, Exhibit C to the complaint, as factual allegations, the United States denies those allegations.

268. Paragraph 268 contains a description of events which allegedly occurred during the hearing cited in Paragraph 263 to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 268. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, to include Exhibit D to the complaint, as factual allegations, the United States denies those allegations.

269. Paragraph 269 contains quotes attributed to Chairman Jim Jordan from the hearing cited in Paragraph 263 to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 269. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, to include Exhibit D to the complaint, as factual allegations, the United States denies those allegations.

270. Paragraph 270 contains a description of events which allegedly occurred during the hearing cited in Paragraph 263 to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations

in Paragraph 270. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, to include Exhibit D to the complaint, as factual allegations, the United States denies those allegations.

271.    Paragraph 271 contains a quote attributed to Representative Darrell Issa from the hearing cited in Paragraph 263 to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 271. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, to include Exhibit D to the complaint, as factual allegations, the United States denies those allegations.

272.    Paragraph 272 contains a description of events which allegedly occurred during the hearing cited in Paragraph 263 to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 272. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, to include Exhibit D to the complaint, as factual allegations, the United States denies those allegations. The United States avers that both the Department of Justice and the Prosecuting Attorney for the Sixth Judicial District in the State of Arkansas investigated the shooting and declined to bring any criminal charges against any ATF SA or ATF TFO.  The United States further avers that the Prosecuting Attorney for the Sixth

Judicial District in the State of Arkansas found that the use of deadly force by SA Cowart was justified pursuant to Ark. Code. Ann. § 5-2-610.[6]

273.    Paragraph 273 contains a quote attributed to Darrell Issa from the hearing cited in Paragraph 263 to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the hearing documentation for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this Paragraph mischaracterizes the hearing, the United States denies the allegations in Paragraph 273. To the extent Plaintiff intends to allege any subjective opinion(s) and/or other information contained in the hearing materials, Exhibit D to complaint, as factual allegations, the United States denies those allegations.

## CAUSES OF ACTION

274.    In response to Paragraph 274, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

275.    Paragraph 275 contains legal conclusions to which no response is required.  In addition, Paragraph 275 makes allegations against Defendants other than the United States to which no response is required from the United States.  To the extent a response is required, the United States admits only that the individual Defendants were employees of the Government acting within the scope of his or her office or employment for the purposes of any claims under the FTCA.

276.    Denies the allegations in Paragraph 276.

277.    Paragraph 277 contains Plaintiff's basis for its demand for damages against Defendants other than the United States to which no response is required.  However, the individual

---

[6] On July 6, 2026 this Court dismissed all of the individual defendants because there is no *Bivens* claim available in this case.  Doc. 53.

defendants have been dismissed, and no response is required as to any claims against them.  To the extent a response is required, the United States denies Plaintiff is entitled to damages against any individually named Defendant.

278.    Paragraph 278 contains Plaintiff's basis for its demand for damages against the United States to which no response is required.  To the extent a response is required, the United States admits only that Plaintiff seeks damages against it under the FTCA.  The United States denies it is liable under the FTCA or that declaratory relief is available as a remedy under the FTCA.

279.    Paragraph 279 contains legal conclusions to which no response is required.  To the extent a response is required, the United States denies the allegations in Paragraph 279.

280.    Paragraph 280 contains a legal conclusion to which no response is required.  To the extent a response is required, the United States denies that the discretionary function exception to the FTCA does not apply in this case and specifically denies that any ATF SA or TFO violated the constitutional rights of the Plaintiff or Bryan Malinowski.

281.    Denies the allegations in Paragraph 281.

282.    Denies the allegations in Paragraph 282.

283.    Denies the allegations in Paragraph 283.

284.    Denies Plaintiff is entitled to any damages as set forth in Paragraph 284.

285.    Denies the allegations in Paragraph 285.[7]

286.    Denies the allegations in Paragraph 286.  Punitive damages are not recoverable against the United States.  28 U.S.C. § 2674.

---

[7] This Court dismissed Plaintiff's individual claim for false imprisonment, therefore, she is not entitled to any damages.

**Count I:  Failure to Knock and Announce**
***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)**
**(Against the Individual Defendants)**

287 – 293.   Paragraphs 287 through 293 contain allegations against Defendants other than the United States who have now been dismissed , therefore, no response is required.  To the extent a response is required, the United States answers as follows:

287.    In response to Paragraph 287, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

288.    Denies the allegations in Paragraph 288.

289.    Denies the allegations in Paragraph 289.

290.    Paragraph 290 contains legal conclusions and a purported summary of *Richards v. Wisconsin*, 520 U.S. 385, 394-95 (1997).  The United States denies the allegations contained in Paragraph 290 and respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

291.    Paragraph 291 contains mixed factual and legal conclusions. The United States denies the allegations in Paragraph 291. Paragraph 291 also contains a citation to *United States v. Vesey*, 338 F.3d at 913, 915-16 (8th Cir. 2003) and the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

292.    Denies the allegations in Paragraph 292.

293.    Denies the allegations in Paragraph 293.

**Count II:  Unlawful Entry**
***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388
(1971)**
**(Against the Individual Defendants)**

294 – 301.  Paragraphs 294 through 301 contain allegations against Defendants other than the United States who have now been dismissed, therefore; no response is required.  To the extent a response is required, the United States answers as follows:

294.    In response to Paragraph 294, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

295.    Denies the allegations in Paragraph 295.

296.    Denies the allegations in Paragraph 296.

297.    Denies the allegations in Paragraph 297.

298.    Paragraph 298 contains legal conclusions based on *Hudson v. Michigan,* 547 U.S. 586, 58 [sic] (2006) to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 298.  The United States specifically denies that any ATF SA or ATF TFO violated the Fourth Amendment when serving the warrant at the Malinowski residence on March 19, 2024.

299.    Denies the allegations in Paragraph 299.

300.    Denies the allegations in Paragraph 300.

301.    Paragraph 301 of Plaintiff's Complaint contains Plaintiff's legal theory for recovery against Defendants other than the United States to which no response from the United States is necessary and who have now been dismissed as Defendants in this Complaint.  To the extent a response is required, the United States denies that any agent or employee of ATF violated the

constitutional rights of the Plaintiff or Bryan Malinowski and also denies that Plaintiff is entitled to any recovery against it for any deprivation of the constitutional rights of the Plaintiff or Bryan Malinowski as the United States has never waived sovereign immunity for such claims.

**Count III:  Use of Excessive Force**
***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)**
**(Against the Individual Defendants)**

302. – 308.   Paragraphs 302 through 308 contain allegations against Defendants other than the United States who have now been dismissed, therefore, no response is required.  To the extent a response is required, the United States answers as follows:

302.    In response to Paragraph 302, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

303.    Paragraph 303 of Plaintiff's Complaint contains Plaintiff's legal theory for recovery against Defendants other than the United States.  To the extent a response is required, the United States denies that any agent or employee of ATF violated the constitutional rights of the Plaintiff or Bryan Malinowski and also denies that Plaintiff is entitled to any recovery against it for any deprivation of the constitutional rights of the Plaintiff or Bryan Malinowski as the United States has never waived sovereign immunity for such claims.

304.    Denies the allegations in Paragraph 304.

305.    Denies the allegations in Paragraph 305.

306.    Denies the allegations in Paragraph 306.

307.    Denies the allegations in Paragraph 307.

308.    Denies the allegations in Paragraph 308.

**Count IV:  Illegal Detention of Maer Malinowski**
***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388**
**(1971)**
**(Against the Individual Defendants)**

309 – 319.   Paragraphs 309 through 319 contain allegations against Defendants other than the United States who have now been dismissed therefore, no response is required.  To the extent a response is required, the United States answers as follows:

309.    In response to Paragraph 309, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

310.    Paragraph 310 contains legal conclusions to which no response is required.  In addition, Paragraph 310 makes allegations against Defendants other than the United States who have now been dismissed as Defendants in this Complaint to which no response is required from the United States.  To the extent a response is required, the United States admits only that the individual Defendants were employees of the Government acting within the scope of his or her office or employment for the purposes of any claims under the FTCA. The United States denies the remaining allegations in Paragraph 310.

311.    Denies the allegations in Paragraph 311.

312.    Paragraph 312 contains legal conclusions to which no response is required. To the extent a response is required, denies the allegations in Paragraph 312.

313.    Admits the allegations in Paragraph 313.

314.    Paragraph 314 contains legal conclusions to which no response is required. To the extent a response is required, denies the allegations in Paragraph 314.

315.    The United States admits only that the execution of the Federal search warrants for the Malinowski residence and Bryan Malinowski's vehicle did not occur until the completion of the Arkansas State Police investigation at the scene.  The United States denies the remaining

allegations in Paragraph 315. The United States denies that Plaintiff was illegally detained by any ATF SA or TFO.

316.    The United States admits that Plaintiff was removed from the Malinowski residence after Bryan Malinowski was shot. The United States denies the remaining allegations in Paragraph 316.

317.    Paragraph 317 contains a legal conclusion to which no response is required. To the extent a response is required, denies the allegations in Paragraph 317.

318.    Paragraph 318 contains legal conclusions and a quote from *United States v. Mendenhall,* 446 U.S. 554 (1980) to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 318.  The United States denies the remaining allegations in Paragraph 318.[8]

319.    Denies the allegations in Paragraph 319.

### COUNT V: WRONGFUL DEATH
### Federal Tort Claims Act
### (Against the United States)

320.    In response to Paragraph 320, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

321.    Admits the allegations in Paragraph 321.

322.    Paragraph 322 contains a legal conclusion to which no response is necessary. To the extent a response is necessary, the United States admits only that under the FTCA, the United States shall be liable in the same manner and to the same extent as a private individual under like

---

[8] The false imprisonment claim against the United States has been dismissed.  Docs. 49-50.

52

circumstances. 28 U.S.C. § 2674. The United States specifically denies that any Federal employee committed any tortious act or omission relating to the Plaintiff or Bryan Malinowski or that the United States is liable in tort.

323. Denies the allegations in Paragraph 323.

324. The allegations contained in Paragraph 324 are denied.

325. Paragraph 325 contains legal conclusions to which no response is necessary. To the extent a response is necessary, the United States lacks sufficient facts to admit or deny the allegations in Paragraph 325 of the Plaintiff's Complaint and thus denies these allegations.

326. Paragraph 326 contains legal conclusions and a quote from *Durham v. Marberry,* 156 S.W.3d 242 (Ark. 2004) to which a response is not necessary. To the extent a response is necessary, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 326. The United States avers Plaintiff is not entitled to any damages.

327. Paragraph 327 contains a legal conclusion regarding Plaintiff's entitlement to recover damages under Arkansas law and citations to Arkansas Model Jury Instruction 2216 and Ark. Code. Ann. § 16-62-101 to which no response is required. To the extent a response is necessary, the United States respectfully refers the Court to the cited instruction and statute for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited instruction and/or statute, the United States denies the allegations in Paragraph 327. The United States avers Plaintiff is not entitled to any damages.

328. The allegations contained in Paragraph 328 are denied.

**COUNT VI: ASSAULT AND BATTERY**
**Federal Tort Claims Act**
**(Against the United States)**

329.    In response to Paragraph 329, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

330.    Admits the allegations in Paragraph 330.

331.    Paragraph 331 contains a legal conclusion to which no response is necessary. To the extent a response is necessary, the United States admits only that under the FTCA, the United States shall be liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. The United States specifically denies that any Federal employee committed any tortious act or omission relating to the Plaintiff or Bryan Malinowski or that the United States is liable in tort.

332.    Paragraph 332 contains legal conclusions to which no response is necessary. To the extent a response is necessary, it denies the allegations in Paragraph 332.

333.    Paragraph 333 contains legal conclusions to which no response is required. To the extent a response is required, admits the allegations in Paragraph 333.

334.    Denies the allegations in Paragraph 334.

335.    Paragraph 335 contains legal conclusions based on *Matthews v. Rogers,* 279 Ark. 328, 338 (1893) and *Tygart v. Kohler*, 109 S.W.3d 147, 151 (2003) to which a response is not necessary.  To the extent a response is necessary, the United States respectfully refers the Court to the cited cases for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited cases, the United States denies the allegations in Paragraph 335.  The United States avers that it was Bryan

54

Malinowski who was the initial aggressor when he opened fire on ATF SAs and that ATF SA and TFOs were free from fault or carelessness.

336.    Denies the allegations in Paragraph 336. The United States avers that it was Bryan Malinowski who was the initial aggressor when he opened fire on ATF Agents and that ATF's Agents and TFOs were lawfully on the premises to serve valid Federal search warrants at the time Bryan Malinowski was shot.

337.    It denied the allegations contained in Paragraph 337.

338.    Denies the allegations in Paragraph 338.

**COUNT VII: NEGLIGENCE**
**Federal Tort Claims Act**
**(Against the United States)**

339.    In response to Paragraph 339, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

340.    Admits the allegations in Paragraph 340.

341.    Paragraph 341 contains legal conclusions to which no response is required. To the extent a response is required, admis the allegations in Paragraph 341.

342.    Paragraph 342 contains legal conclusions to which no response is required.  To the extent a response is required, the United States denies that Paragraph 342 contains a complete and accurate statement of the law.

343.    Denies the allegations in Paragraph 343.

344.    The United States admits only that the ATF SAs and ATF TFOs were required to comply with the terms of the search warrant they were serving. The United States respectfully refers the Court to the search warrant document for its specific terms. To the extent the allegations in Paragraph 344 contradict and/or mischaracterize the requirements of the search warrant,

applicable Federal law, or the United States Constitution, denies the allegations in Paragraph 344.

345. Denies the allegations in Paragraph 345.

346. The United States lacks sufficient information to admit or deny the factual allegation in Paragraph 346 regarding Bryan Malinowski's subjective motivation for his own actions; and, therefore, denies the factual allegation. Paragraph 346 also contains legal conclusions regarding the force used by Bryan Malinowski ("defensive force") and the reasonableness and lawfulness of the ATF Agents' entry into the Malinowski residence to which no response is required. To the extent a response is required, it denies the allegations in Paragraph 346. The United States avers that Bryan Malinowski opened fire first, without warning or justification, on Federal law enforcement agents who were lawfully and reasonably present in his home to serve search warrants.

347. The United States lacks sufficient information to admit or deny the factual allegations in Paragraph 347 regarding what Plaintiff and Bryan Malinowski knew or had reason to believe; and therefore, denies the factual allegation. Paragraph 347 also contains legal conclusions regarding the force used by Bryan Malinowski ("defensive force") and the lawfulness of the ATF Agents' entry into the Malinowski residence to which no response is required. To the extent a response is required, denied. The United States avers that Bryan Malinowski opened fire first, without warning or justification, on Federal law enforcement agents who were lawfully and reasonably present in his home to serve search warrants.

348. Denies the allegations in Paragraph 348.

349. The United States lacks sufficient information to admit or deny the factual allegation in Paragraph 349 regarding what Bryan Malinowski knew, and therefore denies the factual allegation. The United States denies the remaining factual allegations . Paragraph 349 also

contains legal conclusions regarding what Bryan Malinowski "reasonably should have known" and regarding the force used by Bryan Malinowski ("defensive force") to which no response is required. To the extent a response is required, denies the allegations in Paragraph 349.

350. Denies the allegations in Paragraph 350. The United States avers that SA Cowart's use of force was justified under applicable Arkansas law as he acted in self-defense and/or in the defense of SA Sprinkles when both Agents were taken under fire without warning by Bryan Malinowski as they entered the Malinowski residence to serve Federal search warrants.

351. The United States lacks sufficient information to admit or deny the factual allegation in Paragraph 351 regarding what Bryan Malinowski reasonably believed, and therefore; denies the factual allegation. Paragraph 351 also contains legal conclusions and citations to Arkansas statutes to which no response is required. To the extent a response is required, the United States denies that Bryan Malinowski was entitled to use deadly force pursuant to the cited statutes or otherwise. The United States respectfully refers the Court to the cited statutes for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statutes, the United States denies the allegations in Paragraph 351. The United States avers that it was not reasonable for Bryan Malinowski to believe that any force was going to be used against him at the time Agents entered the Malinowski residence to serve Federal search warrants and further avers that it was Bryan Malinowski's own action of opening fire, without warning, on two ATF Special Agents that led SA Cowart to fire at Bryan Malinowski in self-defense and/or the defense of SA Sprinkles.

352. Denies the allegations in Paragraph 352. The United States avers that the precautions taken by the ATF SAs and TFOs were reasonable given the nature of the investigation into Bryan Malinowski and the knowledge that he likely had ready access to multiple firearms

within the Malinowski residence.   The United States further avers that the concerns of the ATF

Special Agents and TFOs were reasonable under the circumstances given that Bryan Malinowski

did open fire on them without warning.

353.    Denies the allegations in Paragraph 353.

354.    Denies the allegations in Paragraph 354.

355.    Denies the allegations  in Paragraph 355.

### COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Federal Tort Claims Act**
**(Against the United States)**

356.    In response to Paragraph 356, the United States incorporates by reference its

responses to the proceeding paragraphs as if fully stated herein.

357.    Admits the allegations in Paragraph 357.

358.    Paragraph 358 contains a legal conclusion to which no response is required. To the

extent a response is required, denies as written.

359.    Paragraph 359 contains a legal conclusion to which no response is required. To the

extent a response is required, denies.

360.    Paragraph 360 contains a legal conclusion and citation to *Holman v. Flores*, 551

S.W.3d 1, 4 (Ark. Ct. App. 2018) to which no response is required. To the extent a response is

necessary, the United States refers the Court to the cited case for a complete and accurate statement

of its contents and denies any allegations inconsistent therewith.   To the extent this paragraph

mischaracterizes the cited case, the United States denies the allegations in Paragraph 360.

361.    Denies the allegations  in Paragraph 361.

362.    The allegations contained in Paragraph 362 are denied.

363.    The United States lacks sufficient information to respond to the factual allegation regarding the severity of Plaintiff's emotional distress, and therefore denies the factual allegation Paragraph 363 also contains a legal conclusion and quote from *Marlar* to which no response is required. To the extent a response is required, the United States refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 363. Any remaining allegation contained in Paragraph 363 is denied.

## COUNT IX: ARKANSAS VICTIM OF FELONIES ACT – MANSLAUGHTER & NEGLIGENT HOMICIDE
### Federal Tort Claims Act
### (Against the United States)

364.    In response to Paragraph 364, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

365.    Paragraph 365 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited Statute, the United States denies the allegations in Paragraph 365.

366.    Paragraph 366 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 366.

367.    Paragraph 367 contains legal conclusions to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the statute cited in

Paragraph 366 for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 367.

368. Paragraph 368 contains legal conclusions and a citation to an Arkansas statute to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 368.

369. Paragraph 369 contains legal conclusions and a citation to an Arkansas statute to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 369.

370. Paragraph 370 contains legal conclusions and a citation to an Arkansas statute to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 370.

371. Paragraph 371 contains legal conclusions and a citation to an Arkansas statute to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 371.

372.    Paragraph 372 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 372.

373.    Paragraph 373 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 373.

374.    Paragraph 374 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 374.

375.    Denies the allegations in Paragraph 375.

376.    Denies the allegations in Paragraph 376.

377.    Denies the allegations in Paragraph 377.

378.    Denies the allegations in Paragraph 378.

### COUNT X: ARKANSAS VICTIM OF FELONIES ACT – BATTERY
**Federal Tort Claims Act**
**(Against the United States)**

379.    In response to the allegations contained in Paragraph 379, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

380.     Paragraph 380 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 380.

381.     Denies the allegations in Paragraph 381.

382.     Denies the allegations in Paragraph 382.

**COUNT XI: ARKANSAS VICTIM OF FELONIES ACT –
AGGRAVATED ASSAULT
Federal Tort Claims Act
(Against the United States)**

383.     In response to the allegations contained in Paragraph 383, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

384.     Paragraph 384 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 384.

385.     Denies the allegations in Paragraph 385.

386.     Denies the allegations in Paragraph 386.

387.     Denies the allegations in Paragraph 387.

**COUNT XII: ARKANSAS VICTIM OF FELONIES ACT – CRIMINAL MISCHIEF
FEDERAL TORT CLAIMS ACT**

388.     Paragraph 388 contains legal conclusions and a citation to an Arkansas statute to which no response is required.  To the extent a response is required, the United States respectfully

refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 388.

389. Paragraph 389 contains legal conclusions to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited statute in Paragraph 388 for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 389.

390. Paragraph 390 contains legal conclusions and a citation to an Arkansas statute to which no response is required. To the extent a response is required, the United States respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited statute, the United States denies the allegations in Paragraph 390.

391. Denies the allegations in Paragraph 391. The United States avers that any damage caused by ATF SAs and/or ATF TFOs to the home and property of Plaintiff and Bryan Malinowski was justified.

392. Denies the allegations in Paragraph 392.

**COUNT XIII: FALSE IMPRISONMENT OF MAER MALINOWSKI**
**FEDERAL TORT CLAIMS ACT**
**(Against the United States)**

393-403. Paragraphs 393-403 contain allegations as to the False Imprisonment claim which has now been dismissed; and therefore, no response is required. To the extent a response is required, the United States answers as follows:

393.    In response to Paragraph 393, it states that, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

394.  The United States admits that all ATF SAs and ATF TFOs were investigative or law enforcement officers. The United States denies that ATF SAs and/or ATF TFOs "participated in the detention of Plaintiff following her husband's death."

395.    Paragraph 395 contains legal conclusions and a citation to *Headrick v. Wal-Mart Stores, Inc.*, 738 S.W.2d 418, 420 (Ark. 1987) to which no response is required.  To the extent a response is necessary, the United States respectfully refers the Court to the cited case for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. To the extent this paragraph mischaracterizes the cited case, the United States denies the allegations in Paragraph 395.  The United States denies the remaining allegations in Paragraph 395.

396.    Denies the allegations in Paragraph 396.

397.    Admits the allegations in Paragraph 397.  The United States avers that Maer Malinowski was not arrested on March 19, 2024.

398.    Paragraph 398 contains legal conclusions to which no response is required.  To the extent a response is required, denies the allegations.

399.    The United States admits only that the searches conducted pursuant to the Federal search warrants for the Malinowski residence and the vehicle used by Bryan Malinowski did not occur until the completion of the Arkansas State Police investigation at the scene.  The United States denies the remaining allegations in Paragraph 399.  Any remaining allegation contained in Paragraph 394 is denied.

400.    The United States admits only that Plaintiff was removed from the Malinowski residence. The United States denies the remaining allegations in Paragraph 400.

401.    Denies the allegations in Paragraph 401.

402.    Denies the allegations in Paragraph 402.

403.    Denies the allegations in Paragraph 403.

### NO EXCEPTIONS APPLY

404.    Paragraph 404 contains legal conclusions to which no response is required. To the extent a response is required, it denies the allegations.

405.    The United States denies the factual allegations in Paragraph 405. Paragraph 405 also contains legal conclusions to which no response is required.  To the extent a response is required, denied.

406.    Paragraph 406 contains legal conclusions to which no response is required. To the extent a response is required, it denies the allegations.

### DAMAGES

407.    In response to Paragraph 407, the United States incorporates by reference its responses to the proceeding paragraphs as if fully stated herein.

408.    Denies the allegations in Paragraph 408.

409.    Denies the allegations in Paragraph 409.

410.    Denies the allegations in Paragraph 410.

411.    Denies the allegations in Paragraph 411.

412.    Paragraph 412 contains a demand for compensatory and punitive damages to which no response is required.  To the extent a response is required, the United States denies that the

Plaintiff is entitled to any measure of damages against it and specifically avers that punitive damages are not available under the FTCA.  28 U.S.C. § 2674.

413.    Paragraph 413 contains a demand for compensatory and punitive damages to which no response is required.  To the extent a response is required, the United States denies that the Plaintiff is entitled to any measure of damages against it and specifically avers that punitive damages are not available under the FTCA.   28 U.S.C. §2674.

## PRAYER FOR RELIEF

414.    The unnumbered paragraph of Plaintiff's Amended Complaint labeled "Prayer for Relief" contains no allegations to which a response is required.  To the extent a response is required, denied.

## AFFIRMATIVE AND OTHER DEFENSES

415.    The Complaint lacks subject matter jurisdiction over the Plaintiff, and the United States preserves these defenses according to Fed. R. Civ. P. 12(b)(1).

416.    The Complaint fails to state facts upon which relief can be granted, and the United States preserves this defense according to Fed. R. Civ. P. 12(b)(6).

417.    Plaintiff's claims are barred to the extent they exceed the scope of any administrative claims. 28 U.S.C. § 2675(b).

418.    Plaintiff is barred from recovering damages to the extent she failed to mitigate damages.

419.    Plaintiff's damages, if any, were not proximately caused by any wrongful acts, negligent acts, or omissions of any employee of the United States acting within the scope and course of their Federal employment.

420.    The United States breached no duty owed to Plaintiff or Bryan Malinowski and the United States exercised reasonable care at all times during the events giving rise to the Complaint.

66

421.    In the event the United States is found negligent, which negligence the United States denies, it may only be held liable for its proportionate share of the fault, if any and the United States reserves this defense according to Fed. R. Civ. P. 8(c).

422.    Plaintiff's recovery, if any, is limited by damages recoverable under the FTCA, which does not provide for the recovery of prejudgment interest, attorney's fees, costs, or punitive damages.  28 U.S.C. § 2674.

423.    The Plaintiff's claims are barred by the discretionary function exception to the FTCA.  28 U.S.C. § 2680(a).

424.    Recovery for any physical pain, suffering, and mental anguish borne by Bryan Malinowski is limited to that for which he was conscious.

425.    Count V of Plaintiff's Complaint for wrongful death is barred by the absence of any underlying common law tort arising under the laws of the State of Arkansas.

426.    Plaintiff's claims against the United States shall be tried without a jury under 28 U.S.C. § 2402.

427.    Attorney's fees must be paid by the Plaintiff out of, not in addition to, any judgment or settlement.  Attorney's fees may not exceed 25 percent of the amount of any judgment or settlement under 28 U.S.C. § 2678.

428.    The United States is the sole proper party defendant for the common law tort claims raised in Plaintiff's Complaint.  28 U.S.C. § 2679.

429.    The United States has never waived sovereign immunity for constitutional tort claims and is immune from suit based on such claims.  *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994).

430.    The conduct at issue has no private party analog; and therefore, the United States has no liability under the FTCA.  See *Green Acres Enters. v. United States*, 418 F.3d 852, 856 (8th

Cir. 2005).

431.    Plaintiff as administrator of the estate of Bryan Malinowski is barred from recovery on behalf of the estate as the negligence or fault of Bryan Malinowski was equal to or greater that the negligence or fault of the United States. ACA § 16-55-216.

432.    Agents and employees of the United States acted in self-defense and/or defense of others under applicable Arkansas law.

433.    The United States affirmatively asserts Ark. Code Ann. 5-2-603 as a defense.

434.    The United States affirmatively asserts Ark. Code Ann. 5-2-607 as a defense.

435.    The United States affirmatively asserts Ark. Code Ann. 5-2-610(b)(2) as a defense.

436.    The United States affirmatively asserts Ark. Code Ann. 5-2-612 as a defense.

437.    Bryan Malinowski voluntarily exposed himself to a dangerous situation inconsistent with his safety knowing of the danger and risk of injury from it and the United States reserves this defense according to Fed. R. Civ. P. 8(c).

438.    The United States is not liable for the actions of any members of the LRPD who were not acting within the course and scope of any Federal employment.

439.    The employees of the United States committed no violations of Arkansas criminal law.

440.    The United States denies any allegations not specifically admitted or denied herein.

441.    The United States reserves the right to amend or supplement these defenses based on information learned during the course of discovery.

WHEREFORE, the United States respectfully requests the Court dismiss Plaintiff's Complaint with prejudice and award judgment in favor of the United States, and award such further relief as may be deemed appropriate.

Respectfully submitted,

Jonathan D. Ross
United States Attorney
Eastern District of Arkansas

Shannon S. Smith
Arkansas Bar No. 94172
Lindsey Mitcham Lorence
Arkansas Bar No. 96183
Assistant United States Attorneys
425 W. Capitol Ave, Suite 500
Little Rock, Arkansas 72201
(501) 340-2600
shannon.smith@usdoj.gov
lindsey.lorence@usdoj.gov